IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID S. HART, a citizen and resident of Knox County, Tennessee, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 3:23-cv-00112 ) |
| RURAL/METRO FIRE DEPT., INC., and ALIGHT SOLUTIONS, LLC, d/b/a ReedGroup Leave Management, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Comes now the Plaintiff, David S. Hart, by and through counsel, and for cause of action would state as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, David S. Hart, is a citizen and resident of Knox County, Tennessee.

2. Defendant Rural/Metro Fire Dept., Inc., ("RM") is a foreign corporation licensed to do and doing business in the state of Tennessee. Its principal office is located at 6363 S. Fiddlers Green Circle, Suite 1400, Greenwood Village, CO 80111. Defendant RM may be served with process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

At all material times, Defendant acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

1

3. Defendant Alight Solutions, LLC, d/b/a ReedGroup ("RG") is a foreign corporation licensed to do and doing business in the state of Tennessee. Its principal office is located at 4 Overlook Point, Lincolnshire, Illinois 60069. Defendant RG may be served with process through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

At all material times, Defendant acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. Upon information and belief, it is alleged that Defendant RM was Plaintiff's employer and the claims administrator and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

5. Upon information and belief, it is alleged that Defendant RG was the claims administrator and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

6. Upon information and belief, it is alleged that the Defendants are "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

7. The Plaintiff brings this action to recover benefits due for his short-term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability

benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

8. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review due Defendants complete failure to adhere to the Plan Document and the ERISA statute and DOL regulations.

10. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

11. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

FACTS AND CAUSE OF ACTION

12. At all times material, Plaintiff worked for Defendant RM.

13. At all times material, Defendants maintained a short-term disability plan (hereinafter "The Plan") to which Mr. Hart was entitled to participate.

14. As of February of 2022, Plaintiff's medical conditions caused him to stop working for Defendant RM and he received short-term disability under the Plan administered by the Defendants.

15. On July 10, 2022, Mr. Hart returned to work full-time with Defendant RM.

16. On October 28, 2022, Plaintiff's medical conditions made it impossible for him to continue working for the Defendant RM.

17. Plaintiff applied for short term disability benefits under the Defendants' plan.

18. On November 22, 2022, Defendants denied benefits on the basis that Mr. Hart was not a full-time employee.

19. On December 23, 2022, Mr. Hart appealed the denial.

20. Since December 23, 2022, neither Defendant has responded to the appeal despite several contact attempts by Plaintiff.

21. Defendants have abdicated their duties under the Plan and ERISA.

22. The Defendants failure to respond or process the appeal constitutes an exhaustion of the administrative process.

23. The Defendants have under a Plan to take advantage of the potential applicability of ERISA to claims.

24. Under the terms of The Plan, Defendants agreed to provide Plaintiff with short-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

25. Plaintiff is disabled under the terms of the Plan.

26. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

27. The decision to deny benefits was wrong under the terms of the Plan.

28. The decision to deny benefits and decision-making process were arbitrary and capricious.

29. The decision to deny benefits was not supported by substantial evidence in the record.

30. The appellate procedures did not provide the Plaintiff a full and fair review.

31. As ERISA fiduciaries, the Defendant owed the Plaintiff fiduciary duties, such as

an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

32. The Defendant violated the fiduciary duties owed to the Plaintiff.

33. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendant has breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendant to pay Plaintiff back benefits due under the Plan.

D. Order Defendant to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendant to pay his the amounts they have earned on the money wrongfully withheld from his as other equitable relief.

E. Order Defendant to pay Plaintiff the costs of his suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendant to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted, this 30th day of March, 2023.

                                                 s/ John P. Dreiser  
                                                 John P. Dreiser (BPR #020743)  
                                                 Attorney for the Plaintiff  
                                                 1356 Papermill Pointe Way  
                                                 Knoxville, TN 37909  
                                                 (865) 584-1211